UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CONCERNEDAPE LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:25-CV-1537-RP |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | § § § § § | |
| Defendants. | § § § | |

# ORDER

Before the Court is Plaintiff ConcernedApe LLC's ("Plaintiff") Ex Parte Motion for a Temporary Restraining Order Including Temporary Injunction, Temporary Asset Restraint, Expedited Discovery, and Preliminary Injunction ("PI Motion"). (PI Mot., Dkt. 9). On October 7, 2025, this Court entered a Temporary Restraining Order, which enjoined Defendants from continuing to market or sell products that allegedly infringe intellectual property owned by Plaintiff and restrained certain funds held by Defendants ("the TRO"). (TRO, Dkt. 12).[1] In accordance with the TRO, Plaintiff filed a Certificate of Service on Defendants pursuant to the Court's order authorizing alternative service of process within its TRO. (*Id.* at 19, 23–24; Certificate of Service, Dkt. 17). Plaintiff's proofs of service affirmed that it served process on the Defendants identified in Schedule A by "electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website and any e-mail addresses provided for Defendants by third parties." (Certificate of Service, Dkt. 17). The Court subsequently set Plaintiff's PI Motion for a hearing on November 18, 2025.

---

[1] Background on this case may found be in the Court's TRO. (TRO, Dkt. 12, at 1–6).

1

At the hearing on Plaintiff's PI Motion, the Court heard argument from Plaintiff and reviewed the evidence presented to the Court on the motion.[2] Having considered the evidence and the arguments, the Court will grant Plaintiff's PI motion. However, as set forth in more detail below, the Court will require Plaintiff to file supplemental briefing on joinder after engaging in discovery. Additionally, the Court will plan on unsealing its Temporary Restraining Order, (Dkt. 12), unless any parties have objections to it doing so.

## I. LEGAL STANDARD

A preliminary injunction is an extraordinary remedy, and the decision to grant such relief is to be treated as the exception rather than the rule. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking injunctive relief carries the burden of persuasion on all four requirements. *PCI Transp. Inc. v. W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005). A movant cannot be granted a preliminary injunction unless it can establish that it will suffer irreparable harm without an injunction. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001).

## II. ANALYSIS

First, the Court hereby determines that it has personal jurisdiction over the Defendants identified on Schedule A, as the evidence presented on the motion shows (1) that the Defendants have been served with process pursuant to the Court's order authorizing alternative service, and (2) that each of these Defendants have directly targeted their business activities towards consumers in

---

[2] Though only Plaintiff appeared at the Preliminary Injunction hearing, an attorney has since made an appearance for Defendants nkseof, GZFeiyi, MANFUU, LSUYE, Eryofdh Toy, Jollyzo Toys Co., Ltd, ladyboutiquebd.com, mywesternoutfit.com, and westernfeelings.com. (Not. Att'y Appearance, Dkt. 29).

the United States, including in the Western District of Texas, and are reaching out to do business with Texas residents by operating one or more commercial, interactive internet stores on internet marketplaces where Texas residents can purchase products bearing infringing and/or counterfeit trademarks and copyrights belonging to the Plaintiff.[3]

The Court further determines that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for a Temporary Restraining Order, (Dkt. 12), establishes that Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

The Court concludes that Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing or using counterfeits, reproductions, or colorable imitations of Plaintiff's intellectual property: Stardew Valley Trademark, U.S. Reg. No. 5,226,230, for International Classes 9, 25, 28, and 41, registered June 20, 2017, which is valid and registered on the Principal Register of the United States Patent and Trademark Office, and the Stardew Valley Copyright, federally registered copyright U.S. Registration No. PA 2-536-817.

The potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued. The public interest favors granting of the Preliminary Injunction Order to protect Plaintiff's trademark and copyrights interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiff's genuine goods.

---

[3] Plaintiff's counsel confirmed at the Preliminary Injunction hearing that each Defendant in Schedule A has shipped an allegedly infringing item into the Western District of Texas.

Further, under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing counterfeits and infringements of Plaintiff's trademarks. See *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992). The Copyright Act allows Plaintiff to recover, as an equitable remedy, the actual damages suffered as result of the infringement and any additional profits of the Defendants that are attributable to the infringement and are not taken into account in computing the actual damages (17 U.S.C § 504(b)) or statutory damages (17 U.S.C § 504(c)).

In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark and copyright laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless the restraint of those assets ordered in the TRO is continued. Finally, the Court determines that the temporary restraints previously granted in the TRO should remain in place through the pendency of this litigation.

The Court also notes, however, that it is skeptical that joinder of Defendants listed in Schedule A is appropriate. Under Rule 20(a):

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Permissive joinder under Rule 20 is broad, as "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). *See also Arrington v. City of Fairfield*, 414 F.2d 687, 693 (5th Cir. 1969)

(explaining that Rule 20 is "very broad" and that "court[s] [are] given discretion to decide the scope of the civil action and to make such orders as will prevent delay or prejudice"). On the other hand, where defendants are not genuinely related or working in concert, it does not serve Rule 20(a)'s purpose of "promot[ing] trial convenience and expedite the final determination of disputes" to join defendants. *See* 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1652 (3d ed. 2001) (explaining the purpose behind permissive joinder); *Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 187 (N.D. Ill. 2020) (noting that "[w]hen defendants are not connected to one another, there is no evidentiary overlap in proving what one defendant did and what another did").

Plaintiff alleged in its Complaint that "[o]n information and belief, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized/Infringing Works in the same transaction, occurrence, or series of transactions or occurrences." (Compl., Dkt. 1, at 11). It also alleged that "Unauthorized/Infringing Works for sale by the Seller Aliases bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Unauthorized/Infringing Works were manufactured by and come from a common source and that Defendants are interrelated." (*Id.* at 10–11). Yet, at the preliminary injunction hearing, counsel for Plaintiff could not provide the Court with specific "information" demonstrating that Defendants are "working in active concert." Counsel for Plaintiff instead explained that they have "extreme difficulty" in finding the relationships between Defendants, in part due to the way these entities are organized. Counsel for Plaintiff also referenced that products sold by Defendants often look similar and/or come from the same manufacturer, such that they infer the Defendants are related or otherwise acting in concert.

The Court finds these arguments mostly unpersuasive. This action is alleging claims of trademark and copyright infringement; it is therefore unsurprising that products made by

5

Defendants look similar to each other—i.e., look similar to Plaintiff's intellectual property. And as the Court reasoned at the preliminary injunction hearing, merely using the same manufacturer does not necessarily lead to the conclusion that Defendants are working in concert.

Nevertheless, at this stage of the litigation, the Court will grant the preliminary injunction based on the broad nature of Rule 20(a) and on Plaintiff's weak evidence that the products sold by Defendants and online product listings created by Defendants are similar. But, the Court will require Plaintiffs to provide stronger evidentiary support at a later date, based on discovery, to demonstrate that Defendants are interrelated or acting in concert. At that time, the Court may decide to sever Plaintiff's claims against Defendants. *See, e.g.*, *Omega, SA v. Individuals, Bus. Entities , & Unincorporated Associations Identified on Schedule "A,"* 650 F. Supp. 3d 1349, 1351–54 (S.D. Fla. 2023) (vacating a preliminary injunction in a Schedule A case after ordering the plaintiff to show cause as to whether permissive joinder of 108 defendants was appropriate, finding that joinder was not appropriate, severing all defendants but one from the action, and dismissing those defendants without prejudice for refiling in separate actions).

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff shall file supplemental briefing regarding the propriety of permissive joinder in this case on or before **April 24, 2026**.

**IT IS FURTHER ORDERED** that the Court will unseal its Temporary Restraining Order, (Dkt. 12), unless any parties have meritorious objections to the Court doing so. If a party objects to the Court unsealing the Temporary Restraining Order, they must file an advisory with the Court explaining those objections on or before **December 5, 2025**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Preliminary Injunction, (Dkt. 9), is **GRANTED**, such that the temporary restraints previously granted in the Court's Temporary

Restraining Order, (Dkt. 12), remain in place through the pendency of this litigation, or until otherwise ordered by the Court. Thus, a preliminary injunction is ordered as follows:

## PRELIMINARY INJUNCTION

1. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are restrained and enjoined until further Order of this Court:

    a. From using the Stardew Valley IP or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Stardew Valley product or not authorized by Stardew Valley to be sold in connection with the Stardew Valley IP;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Stardew Valley product or any other product produced by Stardew Valley, that is not Stardew Valley's or not produced under the authorization, control, or supervision of Stardew Valley and approved by Stardew Valley for sale under the Stardew Valley IP;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Stardew Valley, or are sponsored by, approved by, or otherwise connected with Stardew Valley; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Stardew Valley, nor authorized by Stardew Valley to be sold or offered for sale, and which bear any of the Stardew Valley IP, or any reproductions, counterfeit copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other assets connected to the alleged infringement and counterfeiting of Stardew Valley IP in any of Defendants' financial accounts.

3. Plaintiff is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces, but only as to sales and listings connected to the alleged infringement and counterfeiting of Stardew Valley IP; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online

    Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba, Amazon.com, Inc., Wish.com, and Dhgate (collectively, the "Third Party Providers"), shall, within fourteen (14) calendar days after receipt of such notice, provide to Stardew Valley expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

  a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

  b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces, but only as to sales and listings connected to the alleged infringement and counterfeiting of Stardew Valley IP; and

  c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice,

disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using Stardew Valley IP.

6. Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall within seven (7) calendar days of receipt of this Order:

a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto and any e-mail addresses provided for Defendants by third parties; and

b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

7. Plaintiff may provide notice of the proceedings in this case to Defendants by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

9. Plaintiff shall serve all Defendants with this Order and notify the Court when Plaintiff has served, or attempted to serve, all Defendants with this Order.

**BOND**

The Court determines that the bond in the amount of Ten Thousand Dollars ($10,000.00) posted by Plaintiff as evidenced by the Notice of Filing Bond, (Dkt. 14), is sufficient and shall remain with the Court until a final disposition or until this Preliminary Injunction is dissolved or terminated.

**SIGNED** on November 26, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE