# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **ConcernedApe LLC,** *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:25-cv-01537-RP** |
| | § | |
| **CEYYO,** *Defendant* | § | |
| | § | |

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court is Plaintiff's Motion for Default Judgment, filed February 13, 2026 (Dkt. 49).[1]

Plaintiff ConcernedApe LLC is an independent developer of the farm life simulation game Stardew Valley. It owns U.S. Trademark Registration No. 5,226,230 for STARDEW VALLEY for goods in Classes 9, 25, and 28 and entertainment services in Class 41 and U.S. Copyright Registration No. PA 2-536-817 for "audiovisual material, computer program" (together, "Stardew Valley IP"). ConcernedApe alleges that it "has marketed, advertised, sold, and offered for sale various goods" under the Stardew Valley IP. Dkt. 1 ¶ 24. It sued 132 defendants identified on Schedule A (Dkt. 3-1) for selling or offering for sale goods that violate its rights in the Stardew Valley IP, asserting claims for trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), and copyright infringement under 17 U.S.C. §§ 106 and 501.

[1] By Text Order entered April 15, 2026, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

Judge Pitman entered a temporary restraining order. Dkt. 12. With the Court's authorization, ConcernedApe served Defendants electronically on October 29, 2025. Dkt. 17. After Defendants failed to timely answer or otherwise appear, the Clerk entered default on February 11, 2026. Dkt. 46.

ConcernedApe then moved for default judgment against all Defendants. The Court ordered ConcernedApe to provide stronger evidentiary support that joinder of the Schedule A Defendants was proper. Dkt. 52. Judge Pitman found that ConcernedApe's response "provided no evidentiary support that Defendants' actions arose from the same transaction" and dismissed without prejudice all Defendants except Doe 1, identified as "CEYYO" on Amazon.com. Dkt. 56 at 6.

## I. Legal Standard

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id.* Even when the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

After entry of default, the plaintiff's well-pleaded factual allegations are taken as true, except as to damages. *United States v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987); *see also Nishimatsu,* 515 F.2d at 1206 (stating that the defendant, by default, "admits the plaintiff's well-pleaded allegations of fact"). But a default "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and the defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. *Nishimatsu,* 515 F.2d at 1206.

## II. Analysis

In considering any motion for default judgment, a court must examine jurisdiction, liability, and the relief requested. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012).

### A. Jurisdiction

When a party seeks a default judgment under Rule 55, the court has an affirmative duty to determine its jurisdiction over both the subject matter and the parties. *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001). Because ConcernedApe asserts claims under 15 U.S.C. §§ 1114(1) and 1125(a) and 17 U.S.C. §§ 106 and 501, it invokes the Court's original federal question subject matter jurisdiction. 28 U.S.C. §§ 1331. Judge Pitman determined that the Court has personal jurisdiction over CEYYO. Dkt. 35 at 2-3.

### B. Liability

The Court next considers whether a default judgment is procedurally warranted and the Complaint sufficiently sets forth facts showing that ConcernedApe is entitled to relief. *RLI Ins. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 823 (W.D. Tex. 2020).

#### 1. Default Judgment Is Procedurally Warranted

In determining whether a default judgment is procedurally warranted, courts consider:

> (1) whether material issues of fact are at issue;
>
> (2) whether there has been substantial prejudice;
>
> (3) whether the grounds for default are clearly established;
>
> (4) whether the default was caused by a good-faith mistake or excusable neglect;
>
> (5) the harshness of a default judgment; and
>
> (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

The Court finds that default judgment is procedurally warranted. First, there are no material facts in dispute because CEYYO has not filed an answer or any responsive pleadings. *Nishimatsu*, 515 F.2d at 1206. Second, CEYYO's "failure to respond threatens to bring the entire process to a halt, effectively prejudicing [ConcernedApe's] interest." *RLI*, 581 F. Supp. 3d at 824. Third, the grounds for default are clearly established. The Clerk has entered default against CEYYO, which was properly served and "failed to appear and participate at all, much less timely file a responsive pleading." *Mancillas v. De Casimiro*, No. 1:23-CV-1563-RP, 2025 WL 624548, at *2 (W.D. Tex. Feb. 18, 2025). Fourth, the Court cannot find a good-faith mistake or excusable neglect because CEYYO has not appeared. Fifth, ConcernedApe seeks only statutory damages and injunctive relief to which it is entitled under federal law, limiting the harshness of a default judgment. Sixth, "the Court is not aware of any facts that would obligate it to set aside the default if challenged" by CEYYO. *Id.* For these reasons, the Court finds that default judgment is procedurally warranted.

**2. Copyright Infringement**

"Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright." 17 U.S.C. § 501. To prove copyright infringement, a plaintiff must establish ownership of a valid copyright, factual copying, and substantial similarity. *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 367 (5th Cir. 2004). To prove substantial similarity, a plaintiff must show that the copyrighted expressions in the two works are sufficiently alike that the copyright to the original work has been infringed. *Id.*

ConcernedApe alleges that CEYYO has deliberately copied and/or made derivative works incorporating its copyrighted material, and that its "derivative works are virtually identical to and/or are substantially similar to the look and feel of Plaintiff's Stardew Valley copyrighted material." Dkt. 1 ¶ 80. ConcernedApe attached a copy of its copyright registration to its complaint (Dkt. 1-2), but does not submit an image of the protected work it alleges CEYYO infringed.

CEYYO is not deemed to admit substantial similarity based on ConcernedApe's conclusory allegations, and the Court cannot determine whether the works are substantially similar because the copyrighted material is not of record. *Nishimatsu*, 515 F.2d at 1206; *Thomas v. Leyline Publ'g, LLC*, No. 3:24-CV-3061-B, 2025 WL 1642400, at *4 (N.D. Tex. June 10, 2025). The Court finds that ConcernedApe has not plausibly alleged a copyright infringement claim against CEYYO.

**3. Trademark Infringement, Counterfeiting, and False Designation of Origin**

The elements of trademark infringement and false designation of origin are identical, and the same evidence will establish both claims. *Philip Morris USA Inc. v. Lee*, 547 F. Supp. 2d 667, 674 (W.D. Tex. 2008). Under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1):

> (1) Any person who shall, without the consent of the registrant—
>
> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . .
>
> shall be liable in a civil action by the registrant for the remedies hereinafter provided.

Under Section 43(a) 0f the Lanham Act, § 1125(a)(1)(A), any person who uses a false designation of origin that is likely to cause confusion, mistake, or deception as to the "affiliation, connection, or association" of that person or "as to the origin, sponsorship, or approval" of that person's goods is liable in a civil action.

ConcernedApe alleges that it owns an incontestable registration for STARDEW VALLEY, which covers goods including "plush toys" and "soft toys, namely, soft sculpted toys," and that the mark "has been used exclusively and continuously by Plaintiff and ha[s] never been abandoned." Dkt. 1-1; Dkt. 1 ¶ 25. ConcernedApe alleges that CEYYO had knowledge of its rights in the mark and used in commerce counterfeit imitations of the mark in connection with the sale, offer for sale, distribution, and/or advertising of infringing goods. *Id.* ¶¶ 65-70. ConcernedApe

also alleges that CEYYO's willful infringement and counterfeiting "is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Unauthorized/Infringing Goods among the general public." *Id.* ¶ 71. ConcernedApe also alleges that CEYYO's offer and sale of infringing goods "has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Unauthorized/Infringing Goods by Plaintiff." *Id.* ¶ 87.

ConcernedApe attached an exhibit to its Complaint showing two plush toys for sale by CEYYO under the STARDEW VALLEY mark:







Dkt. 1-6 at 1-9. By failing to answer, CEYYO has admitted these facts. *Nishimatsu*, 515, F.2d at 1206. The facts as pleaded by ConcernedApe show a sufficient basis for its claim for trademark infringement and counterfeiting.

**C. Relief**

Finally, the Court determines appropriate relief for ConcernedApe's trademark claims. Although a defaulting defendant admits the truth of the well-pleaded facts alleged in the complaint, it does not concede the truth of allegations concerning damages. *Shipco Gen.,* 814 F.2d at 1014. ConcernedApe requests both statutory damages and a permanent injunction.

**1. Injunctive Relief**

ConcernedApe asks the Court to enter a permanent injunction "including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO and Preliminary Injunction." Dkt 49-2 at 11. Lanham Act Section 34(a), 15 U.S.C. § 1116(a), permits a court "to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable," to prevent trademark infringement. A plaintiff seeking a permanent injunction generally must show that (1) the plaintiff has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate compensation; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) a permanent injunction would not disserve the public interest. *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391 (2006).

ConcernedApe satisfies all four factors. CEYYO's use of its mark on counterfeit goods constitutes irreparable injury for which monetary damages are insufficient. *Philip Morris USA Inc. v. Lee*, 547 F. Supp. 2d 667, 681 (W.D. Tex. 2008). The balance of hardships weighs in ConcernedApe's favor because CEYYO may continue to use its mark, and a permanent injunction would serve the public interest in avoiding likelihood of confusion under the Lanham Act. This Magistrate Judges recommends entry of a permanent injunction.

**2. Statutory Damages**

Finally, ConcernedApe seeks statutory damages of $100,000 for willful trademark counterfeiting. Under 15 U.S.C. § 1117(c), a trademark owner may elect to recover statutory damages "not less than $1,000 or more than $200,000 per counterfeit mark," or if willful, "not more than $2,000,000 per counterfeit mark." 15 U.S.C. § 1117(c). To determine a proper award, courts consider "the willfulness of the defendant's conduct, the deterrent effect of an award on both the defendant and on others, the value of the copyright, whether the defendant has cooperated in providing necessary records to assess the value of the infringing material, and the losses sustained by the plaintiff." *BVE Brands, LLC v. Does 1-82*, No. 1:20-CV-505-RP, 2021 WL 12095063, at *6 (W.D. Tex. Jan. 14, 2021) (citation omitted). An infringement is willful if the defendant "knows his actions constitute an infringement." *Id.* (citation omitted). A defendant's default allows a court to infer willfulness. *Paakline, LLC v. Individuals, P'ships & Unincorporated Ass'ns Identified on Sched. "A,"* No. 1:22-cv-1082-DII, 2023 WL 7018276, at *6 (W.D. Tex. Oct. 24, 2023), *R. & R. adopted*, 2023 WL 7649451 (W.D. Tex. Nov. 14, 2023). By CEYYO's default, the Court infers that its use of a counterfeit mark was willful.

ConcernedApe submits evidence that CEYYO sells two counterfeit products priced at $19.99 each, but does not allege how many such goods CEYYO has sold, CEYYO's profits, ConcernedApe's losses, or the value of its STARDEW VALLEY mark. Considering the allegations and awards in similar cases, this Magistrate Judge recommends an award of $40,000 as sufficient to penalize CEYYO's willful counterfeit use of the registered mark and deter others from counterfeiting. *Cf., e.g.*, *Paakline*, 2023 WL 7018276, at *6 (recommending award of $20,000 for use of counterfeit mark); *Rovio Ent., Ltd. v. GW Trading LLC*, No. 5:13-CV-1079-XR, 2016 WL 4126657, at *6 (W.D. Tex. Aug. 2, 2016) (awarding $25,000 per use of counterfeit Angry Birds marks).

### III. Recommendation

This Magistrate Judge **RECOMMENDS** that the Honorable Judge Pitman **GRANT** Plaintiff's Motion for Default Judgment (Dkt. 49), award ConcernedApe statutory damages from CEYYO in the amount of $40,000, and enter a permanent injunction as set out in the Court's Order entering the temporary restraining order (Dkt. 12).

The Clerk is **ORDERED** to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

### IV. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 17, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE